UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR MANUEL MEDINA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil No. 12-12399-JLT |
| ) | |
| MICHAEL CORSINI, Superintendent ) | |
| Massachusetts Treatment Center, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS

May 10, 2013

SOROKIN, C.M.J.

Petitioner Victor Manuel Medina has filed a pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. Nos. 1, 1-3.[1] Medina challenges a Massachusetts state-court decision deeming him a sexually dangerous person subject to civil commitment. Id. The respondent has moved to dismiss the petition, which contains an unexhausted claim. Doc. No. 22. Because Medina now has opted to delete that claim from his petition, I recommend the respondent's motion be DENIED.

I.   BACKGROUND

Medina was convicted of open and gross lewdness against a minor in 2000, then pleaded guilty to four counts of indecent assault and battery on a child under fourteen in 2007. Doc. No. 1 at ¶¶ 3-4; Doc. No. 23 at 2. In 2008, while Medina was serving his sentence following the

---

[1] Medina initially filed a document styled more as a brief than a habeas petition. Doc. No. 1. In response to a motion by the respondent seeking a more definite statement of Medina's claims, and at the Court's direction, Medina supplemented his initial filing with the required form for submissions pursuant to § 2254. Doc. No. 1-3; see Doc. Nos. 10, 12, 17.

2007 plea, the Commonwealth petitioned to have him civilly committed as a sexually dangerous person. Doc. No. 1 at ¶ 5; Doc. No. 23 at 2. After a bench trial including testimony by several expert witnesses, the state court allowed the Commonwealth's petition in June 2010. Doc. No. 1 at ¶¶ 6-16; Doc. No. 23 at 2.

Medina filed a timely, counseled appeal raising two due process claims: (1) the civil commitment determination was based on insufficient expert diagnoses; and (2) the state trial court had improperly admitted hearsay allegations of sexual abuse. Doc. No. 23 at 2-3. On April 27, 2012, the Massachusetts Appeals Court affirmed. Doc. No. 1 at ¶ 17; Doc. No. 23 at 3. In a late application seeking further appellate review, Medina raised only one claim:

> In affirming the judgment of the trial court, the Appeals Court's conclusion that a showing of prior recidivist sex offending is, by itself, sufficient to warrant civil commitment as a sexually dangerous person violates substantive due process.

Doc. No. 23 at 3. Although the Massachusetts Supreme Judicial Court ("SJC") accepted Medina's untimely application, it denied review on June 27, 2012. Doc. No. 23 at 3.

Medina's timely federal habeas petition was docketed on December 26, 2012. Doc. No. 1. In it, Medina presents, in nearly identical language, the same two issues set forth in his counseled brief to the Massachusetts Appeals Court. Compare Doc. No. 1 at ¶¶ 19-123, with Doc. No. 27, Appendix at 22-66; see also Doc. No. 1-3 at 5, 7.

II.   DISCUSSION

It is axiomatic that a petitioner generally may not seek federal habeas review without first exhausting the remedies available to him in state court. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007); see Rose v. Lundy, 455 U.S. 509, 515 (1982) ("The exhaustion doctrine existed long before its codification

by Congress . . . ."). To satisfy this exhaustion requirement, a petitioner must present both the factual and legal basis for each of his federal constitutional claims to each available level of the state courts for review.[2]  See Coningford, 640 F.3d at 482; Josselyn v. Dennehy, 475 F.3d 1, 2-3 (1st Cir. 2007).

Where a habeas petition contains both exhausted and unexhausted claims, a federal court may, depending on the circumstances, either: (i) dismiss the petition without prejudice; (ii) enter a stay and hold the federal proceedings in abeyance while the petitioner returns to state court to satisfy the exhaustion requirement; or (iii) permit the petitioner to delete any unexhausted claims and proceed only with respect to those claims that have been exhausted.  Rhines v. Webber, 544 U.S. 269, 274, 277-78 (2005).

Here, the respondent advocates for dismissal of Medina's petition in its entirety based on its inclusion of issues raised before the Appeals Court but not included in Medina's application to the SJC.  See Doc. No. 23 at 8 (arguing that "even though the substantive due process claim seemingly included in Ground One is exhausted, the petition should nevertheless be dismissed in its entirety").  In his response to the respondent's motion, Medina concedes that his petition includes an unexhausted hearsay claim, and he seeks permission to delete that claim so the exhausted claim can proceed to a determination on the merits.  Doc. No. 32 at 2.

The proper analysis of the respondent's motion begins and ends with Medina's concession.  His decision to abandon his unexhausted hearsay claim is consistent with the relevant legal principles set forth above, and it renders the respondent's motion moot with

---

[2]This is so whether Medina's petition is properly construed as one brought pursuant to § 2254 or, as the respondent suggests, pursuant to § 2241.  See § 2254(b)(1)(A); Hunt v. Dennehy, No. 06-cv-10062, 2006 WL 1716769, at *1 (D. Mass. June 19, 2006).

respect to that claim.  The remaining due process claim has been exhausted and, in light of the position taken by Medina, there is no legitimate basis for dismissing that claim.[3]

For the foregoing reasons, I respectfully recommend that the Court:

1. DENY the respondent's motion to dismiss;

2. ALLOW Medina to delete the unexhausted claim (i.e., "Ground Two"); and

3. Impose a schedule requiring Medina to file a brief on the merits of his exhausted claim (i.e., "Ground One") within thirty days of the Court's order adopting this Report and Recommendation, and requiring the respondent to file a responsive brief within thirty days of the docketing of Medina's brief.[4]

      /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[3] Although the respondent suggests Medina exhausted only a portion of his due process claim, a careful comparison of his counseled briefs to the Appeals Court and the SJC does not reveal any meaningful difference between the factual and legal arguments made therein. Compare Doc. No. 27, Appendix at 29-51, with id. at 254-64.  To the extent Medina submits a merits brief that raises factual or legal issues beyond the claim he exhausted before the SJC, the Court will not entertain such issues, and the respondent may raise an appropriate objection in its merits brief.

[4] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).